# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BLAIR DOWNEY, | No. 1:16-CV-03116-JTR |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 15, 17. Attorney D. James Tree represents Blair Downey (Plaintiff); Special Assistant United States Attorney Justin L. Martin represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 9. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter for an immediate award of benefits.

## JURISDICTION

Plaintiff filed applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) on October 2, 2012, alleging disability since

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

August 9, 2012, Tr. 174-181, 203, due to anxiety, depression, post-traumatic stress disorder (PTSD), bipolar, mood disorder, and high blood pressure, Tr. 206. The applications were denied initially and upon reconsideration. Tr. 105-108, 112-117. Administrative Law Judge (ALJ) Virginia M. Robinson held a hearing on August 1, 2014 and heard testimony from Plaintiff and vocational expert, Kimberly Mullinex. Tr. 31-58. At the hearing, Plaintiff requested that the ALJ only consider a closed period of disability from August 9, 2012 to December 31, 2013. Tr. 36. The ALJ issued an unfavorable decision on November 21, 2014. Tr. 18-26. The Appeals Council denied review on April 21, 2016. Tr. 1-6. The ALJ's November 21, 2014 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on June 16, 2016. ECF No. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 52 years old at the alleged date of onset. Tr. 176. Plaintiff completed the twelfth grade in 1979. Tr. 207. Prior to his applications for benefits, Plaintiff worked as a laborer for the Kittitas County Reclamation District. Tr. 208. It was a temporary job that ended in May of 2012. Tr. 206. Plaintiff's work history also includes the positions of laborer at food processing plants, ranch hand, hay press operator, and chaser/choker setter. Tr. 216.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is

not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

### SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once the claimant establishes that physical or mental impairments prevent him from engaging in his previous occupations. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs exist in the national economy which the claimant can perform. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If the claimant

cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On November 21, 2014, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity during the closed period from August 9, 2012 through December 31, 2013. Tr. 20.

At step two, the ALJ determined Plaintiff had the following severe impairments: an affective disorder and anxiety disorder. Tr. 21.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 21.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined he could perform a full range of work at all exertional levels with the following nonexertional limitations: "The claimant could do simple, routine tasks. He could have only superficial contact with co-workers and incidental contact with the public." Tr. 23. The ALJ identified Plaintiff's past relevant work as industrial cleaner, agricultural produce sorter, and irrigator sprinkler systems operator. Tr. 26. The ALJ concluded that Plaintiff was able to perform all of his past relevant work. *Id*. Therefore, the ALJ found Plaintiff was not under a disability within the meaning of the Social Security Act at any time from August 9, 2012 through December 31, 2013. *Id*.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to properly consider

medical source opinions; (2) failing to properly consider Plaintiff's symptom statements, and (3) failing to consider all of Plaintiff's impairments at step two.[1]

## DISCUSSION

**A.     Medical Source Opinions**

Plaintiff challenges the weight the ALJ provided to the opinions of Aaron Burdge, Ph.D. and Mark Duris, Ph.D.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) nonexamining physicians who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Likewise, the ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician. *Id.*

When an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons, and when an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" to reject the opinion. *Lester*, 81 F.3d at 830-831. The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer her conclusions, she "must set forth [her] interpretations and explain why they, rather than the doctors', are correct."

---

[1]Plaintiff identifies two issues early in his briefing. ECF No. 15 at 1. However, Plaintiff argues the error at step two in the text of his brief. *Id*. at 13-14.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 5

*Embrey v. Bowen*, 849 F.2d 418, 421-422 (9th Cir. 1988).

### 1. Aaron R. Burdge, Ph.D.

Dr. Burdge completed a Psychological Psychiatric Evaluation form for the Washington Department of Social and Health Services (DSHS) on August 14, 2012. Tr. 265-282. Testing revealed severe depression and moderate anxiety. Tr. 266. Dr. Burdge diagnosed Plaintiff with anxiety disorder, bipolar II disorder, intermittent explosive disorder, and personality disorder. Tr. 267. He opined that Plaintiff had a moderate[2] limitation in the abilities to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision, perform routine tasks without special supervision, adapt to changes in a routine work setting, make simple work-related decisions, be aware of normal hazards and take appropriate precautions, communicate and perform effectively in a work setting, maintain appropriate behavior in a work setting, and set realistic goals and plan independently. Tr. 267-268. He also opined that Plaintiff had a marked[3] limitation in the ability to complete a normal work day and work week without interruptions from psychologically based symptoms. Tr. 268. He opined that these impairments would last twelve to fourteen months with available treatment. Tr. 268. The ALJ gave Dr. Burdge's opinion "some weight" stating that the record supported the no, mild, or moderate limitations provided in his opinion. Tr. 24. However, he gave less weight to the marked limitation prescribed to Plaintiff's ability to complete a normal workweek because (1) the opinion was based on Plaintiff's self-reports and (2) it was not consistent with the medical evidence and Plaintiff's activities. *Id*.

---

[2] "'Moderate' means there are significant limits on the ability to perform one or more basic work activity." Tr. 267.

[3] "'Marked' means a very significant limitation on the ability to perform one or more basic work activity." Tr. 267.

Foremost, the ALJ's residual functional capacity determination did not account for all of the moderate limitations opined by Dr. Burdge. Therefore, the ALJ effectively rejected these limitations. This is in error. The ALJ is required to explain why "significant probative evidence has been rejected." *Vincent v. Heckler*, 739 F.2d 1393, 1394-1395, (9th Cir. 1984). Here, the residual functional capacity only addressed Plaintiff's abilities to perform simple routine tasks and interact with co-workers and the general public. Tr. 23. This means that limitations concerning the abilities to to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision, perform routine tasks without special supervision, adapt to changes in a routine work setting, make simple work-related decisions, be aware of normal hazards and take appropriate precautions, communicate and perform effectively in a work setting, maintain appropriate behavior in a work setting, and set realistic goals and plan independently were not fully addressed in the residual functional capacity determination. By leaving these limitations out of the residual functional capacity without explanation, the ALJ errored.

Additionally, the ALJ failed to provide legally sufficient reasons for rejecting the marked limitation opined by Dr. Burdge. First, the ALJ erred in his determination that the opinion was based on Plaintiff's unreliable self-reports. While an ALJ may discount a provider's opinion if it appears it is based on a claimant's unreliable self-reports, the ALJ must provide the basis for her conclusion that the opinion was based on a claimant's self-reports. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Here the ALJ failed to offer the necessary basis, making her reason legally insufficient.

The second reason provided by the ALJ, that the opinion was not consistent with the medical evidence and Plaintiff's activates, lacks specificity. The ALJ failed to state how the medical evidence or Plaintiff's activities were inconsistent with the marked limitation. The ALJ is required to do more than offer her

conclusions, she "must set forth [her] interpretations and explain why they, rather than the doctors', are correct." *Embrey*, 849 F.2d at 421-422.

The ALJ errored in her treatment of Dr. Burdge's testimony. The ALJ should have included his opined limitations in the residual functional capacity determination, especially the marked limitation in the ability to sustain a normal work day and work week.

### 2. Mark Duris, Ph.D.

Dr. Duris completed a Psychological Psychiatric Evaluation form for DSHS on May 27, 2014. Tr. 456-459. His evaluation included a mental status exam and diagnosed Plaintiff with major depressive disorder, recurrent (moderate), controlled with medication and alcohol dependence in sustained full remission. Tr. 457, 459. He gave Plaintiff none or mild limitations on all of the psychological basic work activities. Tr. 458. The ALJ credited Dr. Duris's opinion, stating "The examining psychologist's opinion is consistent with his clinical findings." Tr. 25.

Plaintiff challenged the ALJ's reliance on the opinion, arguing it was inappropriate considering the opinion was outside the relevant time period. ECF No. 15 at 12. The relevant time period in this case is August 9, 2012 through December 31, 2013. Evidence from outside this period can be deemed irrelevant to the extent that it does not address Plaintiff's medical status during the time period at issue. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) (opinions that predated the relevant time period are of little relevance). Considering the ALJ erred in her treatment of Dr. Burdge's testimony, her reliance on Dr. Duris's opinion from outside the relevant time period was in error.

### B. Plaintiff's Symptom Statements

Plaintiff contests the ALJ's determination that his symptom reports were less than fully credible. ECF No. 15 at 15-19.

It is generally the province of the ALJ to make credibility determinations,

*Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff less than fully credible concerning the intensity, persistence, and limiting effects of his symptoms. Tr. 23. The ALJ reasoned that Plaintiff was less than fully credible because (1) he did not leave his last two jobs because of his impairments, (2) he received unemployment benefits, (3) medical evidence showed his symptoms were controlled with medication, and (4) his activities of daily living were inconsistent with the reported severity of his symptoms.

First, the fact that Plaintiff left his last two jobs for reasons other than impairment is not sufficient to support the ALJ's credibility determination. In *Bruton v. Massanari*, the Ninth Circuit held that a claimant being laid off from his prior employment rather than leaving because of an injury was an acceptable reason to support an adverse credibility determination. 268 F.3d 824, 828 (9th Cir. 2001). In *Bruton*, the claimant had alleged an inability to work due to back pain with an injury date predating his termination date. *Id.* at 826. In this case, Plaintiff's previous employment was temporary in nature and his onset date can be linked to a suicide attempt on August 9, 2012, Tr. 267, which was well after his employment ended on May 29, 2012, Tr. 206. As such, the ALJ's reliance on the reason Plaintiff left his prior employment is not sufficient to support her adverse credibility determination.

Second, the fact that Plaintiff received unemployment benefits is also not sufficient to support an adverse credibility determination. The Ninth Circuit has

recognized that the receipt of unemployment benefits can undermine a claimant's alleged inability to work fulltime. *Carmickle*, 533 F.3d at 1161-1162. However, the record establishes that Plaintiff's received unemployment benefits in the second, third, and fourth quarters of 2011 and the first quarter of 2012. Tr. 185. Thus the unemployment benefits predated the alleged onset date. Furthermore, the record here does not establish whether Plaintiff held himself out as available for fulltime or part-time work when applying for unemployment benefits. *See Id.* at 1162 (A claimant holding himself out as capable of full-time work is inconsistent with an application for disability benefits, while a claimant holding himself out as capable of part-time work is not). As such, this reason fails to support the ALJ's determination.

Third, the ALJ's assertion that Plaintiff's impairments were controlled by medications is not legally sufficient. The ALJ provides multiple citations to the record to support her assertion. Tr. 24. However, she failed to state how Plaintiff's report that medications were controlling some of his symptoms were inconsistent with any specific statements in the record or testimony provided at the hearing. *See Lester*, 81 F.3d at 834 ("General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."). Therefore, this reason falls short of the specific, clear and convincing standard.

Fourth, Defendant asserts that the ALJ found Plaintiff's reported activities of daily living inconsistent with the reported severity of his symptoms and that Plaintiff failed to challenge this reason in his opening brief. ECF No. 17 at 16-17. While the ALJ's decision includes a discussion of Plaintiff's activities, it was in the context of discussing the weight provided to the opinion of Plaintiff's brother, Brian Downey. Tr. 24. Therefore, the ALJ never provided this as a reason given for finding Plaintiff less than fully credible. Even if the ALJ had clearly provided it as a reason for such a finding, it would be legally insufficient. A claimant's

daily activities may support an adverse credibility finding if (1) the claimant's activities contradict his other testimony, or (2) "the claimant is able to spend a substantial part of his day engaged in pursuits involving performance of physical functions that are transferable to a work setting." *Orn*, 495 F.3d at 639 (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). "The ALJ must make 'specific findings relating to [the daily] activities' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination." *Id.* (quoting *Burch v. Barnhart,* 400 F.3d 676, 681 (9th Cir. 2005)). Here, the ALJ did not find his activities contradicted his other testimony or that the activities were transferable to a work setting.

The ALJ failed to provide specific, clear and convincing reasons for rejecting Plaintiff's testimony in this case. As such, the ALJ's determination regarding Plaintiff's credibility is not legally supported.

**C.     Step Two**

Plaintiff challenged the ALJ's step two determination, asserting that she failed to consider his personality disorder with borderline features. ECF No. 15 at 13-14. Because the ALJ erred in her treatment of Dr. Burdge's opinion, this Court will apply the credit as true rule. *See below*. By doing so, Dr. Burdge's diagnosis of a personality disorder would be added to Plaintiff's severe impairments and resolving any step two error.

**REMEDY**

When the ALJ's decision is not supported by substantial evidence in the record or is the result of legal error, whether to remand the matter for additional proceedings or whether to order an immediate payment of benefits is within the court's discretion. *Benecke v. Barnhart,* 379 F.3d 587, 590 (9th Cir. 2004). Evidence should be credited as true and an action remanded for an award of benefits when: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) no outstanding issues remain that must be resolved before a

determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were the rejected evidence credited as true. *Id*. at 593; *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). It is an abuse of discretion to remand for further proceedings where, as in this matter, no further proceedings are necessary to make a disability determination and it is clear from the record that the claimant is entitled to benefits. See *Benecke*, 379 F.3d at 596; *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

After applying the credit-as-true rule to the opinion of Dr. Burdge regarding Plaintiff's diagnoses and functional limitations and to Plaintiff's improperly discredited hearing testimony, no outstanding issues remain to be resolved before determining that Plaintiff is entitled to benefits. The ALJ added the marked limitation in the ability to sustain a work day or work week to the hypothetical posed to the vocational expert. The vocational expert responded that such a person would not be able to work. Tr. 55-57 (If an individual missed two days of work per month or more on an ongoing basis, that individual would be unable to sustain employment.). Because it is clear the ALJ would be required to find Plaintiff disabled, the court concludes that Plaintiff is entitled to an immediate award of benefits.

## CONCLUSION

Accordingly the case should be remanded for an immediate award of benefits. **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 17**, is **DENIED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED** and the matter is **REMANDED** to the Commissioner for an immediate award of benefits for the closed period at issue.

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

DATED August 15, 2017.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE